UNITED STATES DISTRICT COURT FOR THE
FEDERAL DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| Damon McCargo<br>2533 41ˢᵗ St.<br>Pennsauken, NJ 08110<br>　　　　　　　Plaintiff<br>v.<br><br>Blue Marble Logistics, LLC<br>800 N King St., Ste. 102<br>Wilmington, DE 19801<br>　　　　　　　And<br><br>Blue Marble Global Services, LLC<br>800 King St., Ste. 102<br>Wilmington, DE 19801<br>　　　　　　　And<br><br>Penske Truck Leasing Co., LP<br>Route 10 Green Hills<br>Reading, PA 19603　　Defendants | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | No._____<br><br><br><br>**JURY TRIAL DEMANDED** |

## **COMPLAINT**

## **PARTIES**

1.　Plaintiff, Damon McCargo, is a citizen and resident of the State of New Jersey, residing at the address listed in the caption of this Complaint.

2.　Upon information and belief, Defendant, Blue Marble Logistics, LLC, is a business entity in the State of Delaware, with a business address listed in the caption of this Complaint.

3.　Upon information and belief, Defendant, Blue Marble Global Services, LLC, is a business entity in the State of Delaware, with a business address listed in the caption of this Complaint.

4. Upon information and belief, Defendant, Penske Truck Leasing Co., LP, is a business entity in the Commonwealth of Pennsylvania, with a business address listed in the caption of this Complaint.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over the parties and subject matter of this Civil Action.

6. The Plaintiff, is a citizen, resident, and is domiciled in the State of New Jersey.

7. The amount in controversy in this case, exclusive of interest and costs, exceeds the sum of $75,000.

8. 28 U.S.C. §1332(a)(1) states that "the district courts shall have original jurisdiction of all civil action where the matter in controversy exceeds the sum or value or $75,000, exclusive of interest and costs, and is between . . . citizens of different states."

9. This court thus has original jurisdiction over this matter pursuant to the aforementioned Section 1332(a)(1).

10. 28 U.S.C. § 1391(a) (1) and (2)  states, "(1) this section shall govern the venue of all civil actions brought in district courts of the United States; and (2) the proper venue for a civil action shall be determined without regard to whether the action is local or transitory in nature."

11. Venue is proper in this jurisdiction pursuant to 28 U.S.C. § 1391(a) (1) and (2).

12. 28 U.S.C. § 1391(b) (2) states, "A civil action may be brought in a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated."

13. Venue is proper in this jurisdiction pursuant to 28 U.S.C. § 1391(b) (2) in that this is the judicial district in which a substantial part of the events or omissions giving rise to the claims asserted in this Complaint occurred; i.e., the accident at issue occurred in Cape May County, New Jersey, which is in this federal judicial district.

14. On or about December 11, 2019, at approximately 12:00 p.m., Plaintiff, was the operator of a motor vehicle which was traveling at or near the intersection of North 36th & Federal St., in Camden, NJ.

15. At or about the same date and time, a driver for Defendants Blue Marble Logistics, LLC and Blue Marble Global Services, LLC, was the operator of a motor vehicle, owned by Defendant, Penske Truck Leasing Co., LP, which was traveling at or near the aforesaid location and/or the location of Plaintiff's vehicle.

16. At or about the same date and time, Defendants' vehicle was involved in a motor vehicle collision with the Plaintiff's vehicle.

17. The aforesaid motor vehicle collision was caused by a driver for defendant, Blue Marble Logistics, LLC and Blue Marble Global Services, LLC, negligently and/or carelessly, operating his/her vehicle in such a manner so as to rear-end a vehicle in front of him/her which then rear-ended the Plaintiff's vehicle.

18. The aforesaid motor vehicle collision was the result of the negligence and/or carelessness of Defendants and not the result of any action or failure to act by Plaintiff.

19. As a result of the accident, Plaintiff suffered serious, severe and permanent bodily injuries, including to the back, neck and right shoulder, as set forth more fully below.

## COUNT I
### Damon McCargo v. Blue Marble Logistics, LLC
### Negligent Entrustment

20. Plaintiff incorporates the foregoing paragraphs of this Complaint as if set forth fully at length herein.

21. The negligence and/or carelessness of Defendant, Blue Marble Logistics, LLC, which was a proximate cause of the aforesaid motor vehicle collision and the resultant injuries and damages sustained by the Plaintiff, consists of, but is not limited to, the following:

    a. Permitting a driver for Blue Marble Logistics, LLC, to operate the motor vehicle without first ascertaining whether or not he/she was capable of properly operating said vehicle;

    b. Permitting a driver for Blue Marble Logistics, LLC to operate the motor vehicle when Defendant, Blue Marble Logistics, LLC, knew, or in the exercise of due care and diligence, should have known that a driver for Blue Marble Logistics, LLC, was capable of committing the acts of negligence set forth above;

    c. Failing to warn those persons, including the Plaintiff, that Defendant, Blue Marble Logistics, LLC, knew, or in the existence of due care and diligence should have known, that the Plaintiff would be exposed to a driver for Blue Marble Logistics, LLC's negligent operation of the motor vehicle

22. As a direct result of the negligent and/or careless conduct of Defendant, the Plaintiff suffered various serious and permanent personal injuries, serious impairment of bodily

function, permanent serious disfigurement, aggravation of certain injuries and/or other ills and injuries including to the back, neck and right shoulder, all to Plaintiff's great loss and detriment.

23. As a result of these injuries, all of which are permanent in nature and all of which are to Plaintiff's great financial detriment and loss, Plaintiff has in the past, is presently and may in the future suffer great anguish, sickness and agony and will continue to suffer for an indefinite time into the future.

24. As an additional result of the carelessness and/or negligence of Defendant, Plaintiff has suffered emotional injuries, along with the physical injuries suffered.

25. As a direct result of the negligent and/or careless conduct of the Defendant, Plaintiff suffered damage to Plaintiff's personal property, including a motor vehicle, which Plaintiff was operating at the time of the aforesaid motor vehicle collision; including but not limited to, storage fees and towing, all to Plaintiff's great loss and detriment.

26. As a further result of Plaintiff's injuries, Plaintiff has in the past, is presently and may in the future undergo a great loss of earnings and/or earning capacity, all to Plaintiff's further loss and detriment.

27. Furthermore, in addition to all the injuries and losses suffered by Plaintiff, Plaintiff has also incurred or will incur medical, rehabilitative and other related expenses in an amount equal to and/or in excess of the basic personal injury protection benefits required by law, for which he/she makes a claim for payment in the present action.

WHEREFORE, Plaintiff, Damon McCargo, prays for judgment in Plaintiff's favor and against Defendant, Blue Marble Logistics, LLC, in an amount in excess of Seventy-Five Thousand ($75,000.00) Dollars, plus all costs and other relief this court deems necessary.

## COUNT II
### Damon McCargo v. Blue Marble Logistics, LLC
### Respondeat Superior

28. Plaintiff incorporates the foregoing paragraphs of this Complaint as if fully set forth at length herein.

29. The negligence and/or carelessness of Defendant, itself and through its agent, the driver of the motor vehicle, acting at all times relevant hereto within the scope of the agency, which was the direct and proximate cause of the incident and the injuries and damages sustained by the Plaintiff consist of, but is not limited to:

   a. Rear-ending a vehicle in front of him/her, which then rear-ended the Plaintiff's vehicle

   b. Operating his vehicle into Plaintiff's lane of travel;

   c. Failing to maintain proper distance between vehicles;

   d. Operating said vehicle in a negligent manner so as to rear-end a vehicle in front of him/her, which then rear-ended the Plaintiff's vehicle;

   e. Failing to have said vehicle under proper and adequate control;

   f. Operating said vehicle at a dangerous and excessive rate of speed under the circumstances;

   g. Violation of the assured clear distance rule;

   h. Failure to keep a proper lookout;

   i. Failure to apply brakes earlier to stop the vehicle without rear-ending the a vehicle in front of him/her, which then rear-ended the Plaintiff's vehicle;

   j. Being inattentive to his duties as an operator of a motor vehicle;

   k. Disregarding traffic lanes, patterns, and other devices;

    l. Driving at a dangerously high rate of speed for conditions;

    m. Failing to remain continually alert while operating said vehicle;

    n. Failing to perceive the highly apparent danger to others which the actions and/or inactions posed;

    o. Failing to give Plaintiff meaningful warning signs concerning the impending collision;

    p. Failing to exercise ordinary care to avoid a rear-ending collision;

    q. Failing to be highly vigilant and maintain sufficient control of said vehicle and to bring it to a stop on the shortest possible notice;

    r. Operating said vehicle with disregard for the rights of Plaintiff, even though he/she was aware or should have been aware of the presence of Plaintiff and the threat of harm posed to him;

    s. Continuing to operate the vehicle in a direction towards the Plaintiff's and/or co-defendants' vehicle when he saw, or in the exercise of reasonable diligence, should have seen, that further operation in that direction would result in a collision;

    t. Driving too fast for conditions;

    u. Failing to operate said vehicle in compliance with the applicable laws and ordinances of the State of New Jersey, pertaining to the operation and control of motor vehicles

30. As a direct result of the negligent and/or careless, conduct of Defendant, Plaintiff suffered various serious and permanent personal injuries, serious impairment of bodily function,

permanent serious disfigurement, and/or aggravation of certain injuries including to the back, neck and right shoulder, all to Plaintiff's great loss and detriment.

31. As a result of these injuries, all of which are permanent in nature and all of which are to Plaintiffs' great financial detriment and loss, Plaintiff has in the past, is presently, and may in the future suffer great pain, anguish, sickness and agony and will continue to suffer for an indefinite time into the future.

32. As an additional result of the carelessness and/or negligence of Defendant, Plaintiff has suffered emotional injuries along with the physical injuries suffered.

33. As a direct result of the negligent and/or careless conduct of the Defendant, Plaintiff suffered damage to her personal property, including her motor vehicle, which Plaintiff was operating at the time of the aforesaid motor vehicle collision; including but not limited to, storage fees and towing, all to Plaintiff's great loss and detriment.

34. As a further result of the injuries sustained, Plaintiff has, is presently, and may in the future undergo a great loss of earnings and/or earning capacity, all to Plaintiff's further loss and detriment.

35. Furthermore, in addition to all the injuries and losses suffered by Plaintiff, Plaintiff has also incurred or will incur medical, rehabilitative and other related expenses in an amount equal to and/or in excess of the basic personal injury protection benefits required by law for which he makes a claim for payment in the present action.

WHEREFORE, Plaintiff, Damon McCargo, demands judgment in Plaintiff's favor and against Defendant, Blue Marble Logistics, LLC, in an amount in excess of Seventy-Five Thousand ($75,000.00) Dollars, plus all costs and other relief this court deems necessary.

## COUNT III
### Damon McCargo v. Blue Marble Global Services, LLC
### Negligent Entrustment

36. Plaintiff incorporates the foregoing paragraphs of this Complaint as if set forth fully at length herein.

37. The negligence and/or carelessness of Defendant, Blue Marble Global Services, LLC, which was a proximate cause of the aforesaid motor vehicle collision and the resultant injuries and damages sustained by the Plaintiff, consists of, but is not limited to, the following:

   a. Permitting a driver for Blue Marble Global Services, LLC, to operate the motor vehicle without first ascertaining whether or not he/she was capable of properly operating said vehicle;

   b. Permitting a driver for Blue Marble Global Services, LLC to operate the motor vehicle when Defendant, Blue Marble Global Services, LLC, knew, or in the exercise of due care and diligence, should have known that a driver for Blue Marble Global Services, LLC, was capable of committing the acts of negligence set forth above;

   c. Failing to warn those persons, including the Plaintiff, that Defendant, Blue Marble Global Services, LLC, knew, or in the existence of due care and diligence should have known, that the Plaintiff would be exposed to a driver for Blue Marble Global Services, LLC's negligent operation of the motor vehicle

38. As a direct result of the negligent and/or careless conduct of Defendant, the Plaintiff suffered various serious and permanent personal injuries, serious impairment of bodily

function, permanent serious disfigurement, aggravation of certain injuries and/or other ills and injuries including to the back, neck and right shoulder, all to Plaintiff's great loss and detriment.

39. As a result of these injuries, all of which are permanent in nature and all of which are to Plaintiff's great financial detriment and loss, Plaintiff has in the past, is presently and may in the future suffer great anguish, sickness and agony and will continue to suffer for an indefinite time into the future.

40. As an additional result of the carelessness and/or negligence of Defendant, Plaintiff has suffered emotional injuries, along with the physical injuries suffered.

41. As a direct result of the negligent and/or careless conduct of the Defendant, Plaintiff suffered damage to Plaintiff's personal property, including a motor vehicle, which Plaintiff was operating at the time of the aforesaid motor vehicle collision; including but not limited to, storage fees and towing, all to Plaintiff's great loss and detriment.

42. As a further result of Plaintiff's injuries, Plaintiff has in the past, is presently and may in the future undergo a great loss of earnings and/or earning capacity, all to Plaintiff's further loss and detriment.

43. Furthermore, in addition to all the injuries and losses suffered by Plaintiff, Plaintiff has also incurred or will incur medical, rehabilitative and other related expenses in an amount equal to and/or in excess of the basic personal injury protection benefits required by law, for which he/she makes a claim for payment in the present action.

WHEREFORE, Plaintiff, Damon McCargo, prays for judgment in Plaintiff's favor and against Defendant, Blue Marble Global Services, LLC, in an amount in excess of Seventy-Five Thousand ($75,000.00) Dollars, plus all costs and other relief this court deems necessary.

## COUNT IV
**Damon McCargo v. Blue Marble Global Services, LLC**
**Respondeat Superior**

44. Plaintiff incorporates the foregoing paragraphs of this Complaint as if fully set forth at length herein.

45. The negligence and/or carelessness of Defendant, itself and through its agent, the driver of the motor vehicle, acting at all times relevant hereto within the scope of the agency, which was the direct and proximate cause of the incident and the injuries and damages sustained by the Plaintiff consist of, but is not limited to:

   a. Rear-ending a vehicle in front of him/her, which then rear-ended the Plaintiff's vehicle

   b. Operating his vehicle into Plaintiff's lane of travel;

   c. Failing to maintain proper distance between vehicles;

   d. Operating said vehicle in a negligent manner so as to rear-end a vehicle in front of him/her, which then rear-ended the Plaintiff's vehicle;

   e. Failing to have said vehicle under proper and adequate control;

   f. Operating said vehicle at a dangerous and excessive rate of speed under the circumstances;

   g. Violation of the assured clear distance rule;

   h. Failure to keep a proper lookout;

   i. Failure to apply brakes earlier to stop the vehicle without rear-ending the a vehicle in front of him/her, which then rear-ended the Plaintiff's vehicle;

   j. Being inattentive to his duties as an operator of a motor vehicle;

   k. Disregarding traffic lanes, patterns, and other devices;

l.   Driving at a dangerously high rate of speed for conditions;

m.  Failing to remain continually alert while operating said vehicle;

n.   Failing to perceive the highly apparent danger to others which the actions and/or inactions posed;

o.   Failing to give Plaintiff meaningful warning signs concerning the impending collision;

p.   Failing to exercise ordinary care to avoid a rear-ending collision;

q.   Failing to be highly vigilant and maintain sufficient control of said vehicle and to bring it to a stop on the shortest possible notice;

r.   Operating said vehicle with disregard for the rights of Plaintiff, even though he/she was aware or should have been aware of the presence of Plaintiff and the threat of harm posed to him;

s.   Continuing to operate the vehicle in a direction towards the Plaintiff's and/or co-defendants' vehicle when he saw, or in the exercise of reasonable diligence, should have seen, that further operation in that direction would result in a collision;

t.   Driving too fast for conditions;

u.   Failing to operate said vehicle in compliance with the applicable laws and ordinances of the State of New Jersey, pertaining to the operation and control of motor vehicles

46.  As a direct result of the negligent and/or careless, conduct of Defendant, Plaintiff suffered various serious and permanent personal injuries, serious impairment of bodily function,

permanent serious disfigurement, and/or aggravation of certain injuries including to the back, neck and right shoulder, all to Plaintiff's great loss and detriment.

47. As a result of these injuries, all of which are permanent in nature and all of which are to Plaintiffs' great financial detriment and loss, Plaintiff has in the past, is presently, and may in the future suffer great pain, anguish, sickness and agony and will continue to suffer for an indefinite time into the future.

48. As an additional result of the carelessness and/or negligence of Defendant, Plaintiff has suffered emotional injuries along with the physical injuries suffered.

49. As a direct result of the negligent and/or careless conduct of the Defendant, Plaintiff suffered damage to her personal property, including her motor vehicle, which Plaintiff was operating at the time of the aforesaid motor vehicle collision; including but not limited to, storage fees and towing, all to Plaintiff's great loss and detriment.

50. As a further result of the injuries sustained, Plaintiff has, is presently, and may in the future undergo a great loss of earnings and/or earning capacity, all to Plaintiff's further loss and detriment.

51. Furthermore, in addition to all the injuries and losses suffered by Plaintiff, Plaintiff has also incurred or will incur medical, rehabilitative and other related expenses in an amount equal to and/or in excess of the basic personal injury protection benefits required by law for which he makes a claim for payment in the present action.

WHEREFORE, Plaintiff, Damon McCargo, demands judgment in Plaintiff's favor and against Defendant, Blue Marble Global Services, LLC, in an amount in excess of Seventy-Five Thousand ($75,000.00) Dollars, plus all costs and other relief this court deems necessary.

## COUNT V
### Damon McCargo v. Penske Truck Leasing Co., LP
### Negligent Entrustment

52. Plaintiff incorporates the foregoing paragraphs of this Complaint as if set forth fully at length herein.

53. The negligence and/or carelessness of Defendant, Penske Truck Leasing Co., LP, which was a proximate cause of the aforesaid motor vehicle collision and the resultant injuries and damages sustained by the Plaintiff, consists of, but is not limited to, the following:

   a. Permitting a driver for defendants, Blue Marble Logistics, LLC and Blue Marble Global Services, LLC, to operate the motor vehicle without first ascertaining whether or not he/she was capable of properly operating said vehicle;

   b. Permitting a driver for defendants, Blue Marble Logistics, LLC and Blue Marble Global Services, LLC to operate the motor vehicle when Defendant, Penske Truck Leasing Co., LP, knew, or in the exercise of due care and diligence, should have known that a driver for defendants, Blue Marble Logistics, LLC and Blue Marble Global Services, LLC, was capable of committing the acts of negligence set forth above;

   c. Failing to warn those persons, including the Plaintiff, that Defendant, Penske Truck Leasing Co., LP, knew, or in the existence of due care and diligence should have known, that the Plaintiff would be exposed to a driver for defendants, Blue Marble Logistics, LLC and Blue Marble Global Services, LLC's negligent operation of the motor vehicle

54. As a direct result of the negligent and/or careless conduct of Defendant, the Plaintiff suffered various serious and permanent personal injuries, serious impairment of bodily function, permanent serious disfigurement, aggravation of certain injuries and/or other ills and injuries including to the back, neck and right shoulder, all to Plaintiff's great loss and detriment.

55. As a result of these injuries, all of which are permanent in nature and all of which are to Plaintiff's great financial detriment and loss, Plaintiff has in the past, is presently and may in the future suffer great anguish, sickness and agony and will continue to suffer for an indefinite time into the future.

56. As an additional result of the carelessness and/or negligence of Defendant, Plaintiff has suffered emotional injuries, along with the physical injuries suffered.

57. As a direct result of the negligent and/or careless conduct of the Defendant, Plaintiff suffered damage to Plaintiff's personal property, including a motor vehicle, which Plaintiff was operating at the time of the aforesaid motor vehicle collision; including but not limited to, storage fees and towing, all to Plaintiff's great loss and detriment.

58. As a further result of Plaintiff's injuries, Plaintiff has in the past, is presently and may in the future undergo a great loss of earnings and/or earning capacity, all to Plaintiff's further loss and detriment.

59. Furthermore, in addition to all the injuries and losses suffered by Plaintiff, Plaintiff has also incurred or will incur medical, rehabilitative and other related expenses in an amount equal to and/or in excess of the basic personal injury protection benefits required by law, for which he/she makes a claim for payment in the present action.

WHEREFORE, Plaintiff, Damon McCargo, prays for judgment in Plaintiff's favor and against Defendant, Penske Truck Leasing Co., LP, in an amount in excess of Seventy-Five Thousand ($75,000.00) Dollars, plus all costs and other relief this court deems necessary.

SIMON & SIMON, P.C.

BY: *Marc Simon*
Marc I. Simon, Esquire